## CENTAUR CONSTRUCTION CO., Inc., v. UNITED STATES.

No. 46242.

Court of Claims.

Jan. 6, 1947.

Josephus C. Trimble, of Washington, D. C. (Harry S. Hall, of Washington, D. C., on the brief), for plaintiff.

Carl Eardley, of Los Angeles, Cal., John F. Sonnett, Asst. Atty. Gen. (Mary K. Fagan, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and MADDEN, WHITAKER, LITTLETON and JONES, Judges.

JONES, Judge.

This is a suit for remission of liquidated damages and additional costs incurred

due to change orders in connection with a construction contract.

The contract, dated November 20, 1939, called for construction work at the New York Navy Yard.

After the work was started December 26, 1939, plaintiff was directed by the officers in charge to drive certain test piles. These tests disclosed conditions materially different from those shown on the drawings and the specifications.

Revised plans were drawn, and plaintiff estimated that the additional cost would be $87,450 and estimated the additional time required would be 49 days.

The changes and revised plan were approved January 26, 1940, with the understanding that the total additional cost of the revised plan would not exceed $87,450. Work was suspended approximately four weeks while these changes were being made and approved.

Four change orders were made during the progress of the work.

The contracting officer, upon recommendations of a board that had been appointed, increased the price due to the change orders in the sum of $70,263.59 and granted certain extensions of time for completion of the contract. The completion dates of different parts of the contract were delayed beyond the period allowed by these extensions.

The contracting officer assessed liquidated damages in the sum of $5,080 which sum was deducted from the amount allowed plaintiff for work done under the contract.

Final voucher was issued to plaintiff June 9, 1941. The plaintiff executed a general release containing the following reservation, "except that the contractor reserves the right to make claim for, sue for, and endeavor to collect the following amounts:

1. Assessed liquidated damages $5,080.00
2. Engineering Services for re-
    designing the sewer.....   3,600.00
3. Deductions of $20.06 and
    $5545.63 from Changes
    "A" and "B" under con-
    tract, Bureau of Yards and
    Docks letter NOy–3739,
    dated August 3, 1940.....  5,565.69"

No appeals were taken by the plaintiff from the orders of the contracting officer either in approving any of the change orders or the assessment of liquidated damages prior to the date of the final voucher on June 9, 1941, nor was any appeal taken from the action of the contracting officer in denying the three items upon which the above reservation was made.

Insofar as the record discloses no further action was taken on any of these three reserved items until August 13, 1942.

In the meantime the First War Powers Act of December 18, 1941, 50 U.S.C.A. Appendix, § 601 et seq., was enacted.

In a letter dated August 13, 1942, the plaintiff wrote the Chief of the Bureau of Yards and Docks requesting a review of the items reserved in its release of June 1941, first, on the ground that the allowance of the items was merited by the work performed under the change orders, and second, on the ground that the Executive Order of the President, dated December 27, 1941, issued pursuant to the First War Powers Act, conferred authority to modify any Government contract, past or present, if, in the judgment of the authorized department, it would aid in the prosecution of the war. In this letter the plaintiff called attention to the fact that it was engaged in current war contracts for the Government and that the settlement of these items would assist it in carrying out the obligations of these war contracts. A supplemental letter on the same subject was sent by plaintiff on August 20, 1942.

On October 22, 1942, two letters, signed by L. B. Combs, Assistant to the Chief of the Bureau of Yards and Docks, who was also the contracting officer under the contract, were sent to plaintiff in reply to his letters of August 13 and August 20. In these letters the Bureau rejected the second item, for engineering services, as being without merit. As to the first and third items, the letter recited that it was the judgment of the Navy Department that the release to plaintiff of the liquidated damages in the sum of $5,080 that had been assessed and withheld, and the allowance to it of the sum of $4,581.59 covering the adjustment for the additional costs which it claimed it had incurred be-

cause of the change orders, would facilitate the prosecution of the war in that such settlement would enable the plaintiff, the better to carry on the war work in which it was then engaged, and that therefore, under the authority of the First War Powers Act of 1941 and the Executive Order No. 9001, of December 27, 1941, 50 U.S.C.A.Appendix, § 611 note, issued pursuant thereto, the contracting officer, acting under the direction of the Secretary of the Navy "hereby releases and allows said sums under the contract, subject to your delivering an unqualified release of claims on account of the contract; and the contract will be regarded as amended accordingly."

Pursuant to these letters, a voucher and release were prepared and were forwarded to the General Accounting Office on April 14, 1943, for approval and settlement.

The Comptroller General, on January 28, 1944, rejected the proposed settlement and declined to honor the voucher on the ground that the work under the contract had been completed and payment made therefor before the enactment of the First War Powers Act of 1941, and that the attempted amendment of the contract by the Navy Department under date of October 22, 1942, had no valid effect and constituted no authority for the payment of the additional sums claimed.

Two issues are before the court. The first is whether the contracting officer had a right to change his ruling and allow these items on their merits aside from the authority conferred by the War Powers Act, and second, whether the War Powers Act and the Executive Order issued pursuant thereto authorized the Navy Department to modify the contract as a war measure after the work had been completed and accepted and final voucher, with the exception of the reserved items, had been paid.

On the question of the time limit within which these reserved items claimed by plaintiff might be pressed, the defendant urges that, since no appeal was taken within 30 days after the final rejection of

these claims by the contracting officer, the issue is closed, the contract completed, and the contracting officer has no authority to take further action thereon. The plaintiff on the other hand says that while Article 9 places a time limit within which the causes of delay shall be presented to the contracting officer, the contracting officer, with the approval of the head of the department or his duly authorized representative, may grant a further period of time prior to the date of the final settlement of the contract, and further urges that as to these reserved items there has been no settlement of the contract and that the contracting officer had the authority to reverse his previous decision and authorize the payment of the items as set out in the three claims.

It is not necessary to pass on the question as to whether, under the peculiar wording of Article 9, it was essential that plaintiff file an appeal to the head of the department within 30 days after the final rejection, or whether the contracting officer might have had a reasonable time beyond this period within which to reconsider the merits of the items claimed. Certainly the claims could not be allowed to remain open indefinitely without any further effort to have them disposed of. Insofar as the record shows there was no further action taken by plaintiff for a period of 16 months after the issuance of the final voucher and after the work had been finished and accepted. Whether or not the contracting officer had a reasonable period beyond the 30 days within which to reconsider his ruling as to the reserved items, we do not think that, under the peculiar circumstances of this case and the state of the record and the evidence, such a reasonable period, if allowed, could be extended 16 months under the provisions of Article 9. The cases cited by plaintiff, W. S. King & Co. v. United States, 80 Ct.Cl. 325, and Rollins & Presbrey v. United States, 23 Ct.Cl. 106, are not sufficient to justify a holding.

The sole remaining question is whether the provisions of the War Powers Act authorized a modification of this contract.

The authority of the First War Powers Act of 1941 is very broad.[1] Under its terms the President could have authorized any department or agency of the Government to enter into contracts and into amendments or modifications of contracts theretofore or thereafter made whenever he deemed such action would facilitate the prosecution of the war.

Notwithstanding the particular language used, we think it was intended to apply to pending and future contracts and to contracts the work of which had not been completed. We do not believe that it can be construed without strain to cover a contract, the work of which had been completed and accepted more than a year before. By its very terms it was a war powers act, its provisions had to do with the prosecution of the war, its manifest purpose was to facilitate the preparation and carrying out of the war purposes. This construction is borne out by the legislative history of the provision.

The theory of plaintiff, and apparently the theory of the Navy Department, is that since plaintiff was engaged in other contracts that had to do with the war, the payment of these claims would in some way facilitate the carrying out of these contracts. This is too much like going around Robin Hood's barn. It was a question of financing new contracts rather than modifying one that had been completed.

If the Navy Department had undertaken to modify one of the new contracts that was then in the process of being carried out by plaintiff, and in this manner paid to plaintiff an additional sum, ,there could have been no question as to the legality of such action, but we do not consider the War Powers Act to go so far as to authorize the modification of a contract that was then out of its hands.

The letter of the Bureau of Yards and Docks, which was issued by the direction of the Navy Department, apparently places

---

[1] First War Powers Act of 1941, 55 Stat. 838, in pertinent part, provides:

"Title I—Coordination of Executive Bureaus in the Interest of the More Efficient Concentration of the Government

"Section 1. That for the national security and defense, for the successful prosecution of the war, for the support and maintenance of the Army and Navy, for the better utilization of resources and industries, and for the more effective exercise and more efficient administration by the President of his powers as Commander in Chief of the Army and Navy, the President is hereby authorized to make such redistribution of functions among executive agencies as he may deem necessary, including any functions, duties, and powers hitherto by law conferred upon any executive department, commission, bureau, agency, governmental corporation, office, or officer, in such manner as in his judgment shall seem best fitted to carry out the purposes of this title, and to this end is authorized to make such regulations and to issue such orders as he may deem necessary, which regulations and orders shall be in writing and shall be published in accordance with the Federal Register Act of 1935: Provided, That the termination of this title shall not affect any act done or any right or obligation accruing or accrued pursuant to this title and during the time that this title is in force: Provided further, That the authority by this title granted shall be exercised only in matters relating to the conduct of the present war: Provided further, That no redistribution of functions shall provide for the transfer, consolidation, or abolition of the whole or any part of the General Accounting Office or of all or any part of its functions. * * *

Title II—Contracts

"Section 201. The President may authorize any department or agency of the Government exercising functions in connection with the prosecution of the war effort, in accordance with regulations prescribed by the President for the protection of the interests of the Government, to enter into contracts and into amendments or modifications of contracts heretofore or hereafter made and to make advance, progress and other payments thereon, without regard to the provisions of law relating to the making, performance, amendment, or modification of contracts whenever he deems such action would facilitate the prosecution of the war: Provided, That nothing herein shall be construed to authorize the use of the cost-plus-a-percentage-of-cost system of contracting: Provided further, That nothing herein shall be construed to authorize any contracts in violation of existing law relating to limitation of profits: Provided further, That all acts under the authority of this section shall be made a matter of public record under regulations prescribed by the President and when deemed by him not to be incompatible with the public interest.

the authority to make the change in decision purely on the ground of the authority granted in the War Powers Act. In truth, plaintiff apparently did not further press his reserved claims until after the War Powers Act was passed. We find, therefore, that plaintiff is not entitled to recover on these items on either phase of the claim.

We reach this conclusion reluctantly. While the record is not very complete on the subject, and the testimony is not very full, we are inclined to the opinion, that, under all the circumstances, liquidated damages should not have been assessed. However, in view of the long lapse of time within which there was no appeal, no attempt to press the reserved items, and no effort made to secure a change or modification of the contract until after the War Powers Act was passed, and since the contracting officer bases his long delayed change in ruling apparently solely on the basis of the War Powers Act, which we do not think can be reasonably stretched to cover a contract the work of which had been completed more than a year before, we have no choice but to find that plaintiff is not entitled to recover. Its petition is dismissed.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, and WHALEY, Chief Justice, concur.