Jones, Chief Judge,
delivered the opinion of the court:
This cause came on to be heard in accordance with the court’s order entered under Rule 38 (b). The order provided for the determination of the sole issue whether the plaintiff had made the request for relief required by the Lucas Act, 60 Stat. 902, as amended, 62 Stat. 869,992.
The issue developed from the following circumstances. On August 28, 1940, plaintiff entered into a contract with *165 the Navy Department for the construction and installation of certain equipment for the power house at the Pearl Harbor Navy Yard. On or about September 10 of that year plaintiff received notice to proceed on the contract. Due to lack of priorities, shortages of labor and shipping, and other causes, the plaintiff had considerable difficulty and additional costs in executing the contract. The contract was finally completed on November 8, 1941, at a loss of some $44,000.
By letter dated January 21, 1943, the Navy Department advised the plaintiff of the determination to subject its contract to renegotiation and requested it to submit certain data. In response thereto plaintiff submitted a document (plaintiff’s Exhibit A) which allegedly constitutes the written request for relief required by the Lucas Act. This document in addition to detailing plaintiff’s difficulties in performing the contract asserts losses in the amount of $44,401.35 and asks compensation for this amount plus a reasonable profit. The letter also stated: “On November 8, 1941, our contract was completed.” Nothing seems to have come of plaintiff’s plea at that time.
On January 31, 1947, plaintiff sent a letter to the Navy Department in compliance with the Lucas Act requirement that claims for losses be submitted to the appropriate agency within six months of the approval of the act. The Navy Department War Contracts Relief Board rejected plaintiff’s claim on April 19,1948, on the ground that plaintiff had not made a request for relief on or before August 14, 1945, as required by section 3 of the Lucas Act. Two grounds were stated for this decision: (1) That plaintiff’s letter of 1943 related solely to renegotiation matters and was therefore not a request for relief under section 201 of the First War Powers Act, 55 Stat. 838, 839; and (2) That no relief could ever have been granted under the First War Powers Act since the contract was completed before the enactment of that statute, and paragraph 307 of Executive Order 9786, 11 F. R. 11553, makes it a condition to recovery under the Lucas Act that the relief requested could have been granted under the First War Powers Act.
Section 3 of the Lucas Act provides:
*166 Claims for losses * * * shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945, * * *
Plaintiff claims that its letter of 1948 was adequate within the meaning of the statute; that it was addressed to the appropriate department of the Government even though not to the officials in charge of granting relief under the First War Powers Act, and that it stated a request for relief outside the terms of the contract and as a matter of grace. Defendant, on the other hand, urges that section 3 requires the request to be not only for extra-legal relief but also for extra-legal relief under the First War Powers Act. For these purposes, defendant argues, plaintiff’s 1943 letter was not sufficient; that it was written in connection with renegotiation, and, furthermore, that it could not have been taken to relate to relief under the First War Powers Act since under our decision in Centaur Construction Co., Inc. v. United States, 107 C. Cls. 498, an agency was without power to grant such relief where the contract had been completed prior to the war.
We agree with the defendant that the request for extralegal relief in this case did not fulfill the requirements of section 3 of the Lucas Act.
This contract was completed November 8,1941. The First War Powers Act became a law December 18, 1941, more than a month later. [55 Stat. 838.]
By the terms of the First War Powers Act and Executive Order No. 9001 issued pursuant thereto, contracts might be modified, i. e., relief might be granted, if it would facilitate the prosecution of the war.
We stated in Centaur Construction Co., supra, at page 512 :
If the Navy Department had undertaken to modify one of the new contracts that was then in the process of being carried out by plaintiff, and in this manner paid to plaintiff an additional sum, there could have been no question as to the legality of such action, but we do not consider the War Powers Act to go so far as to authorize the modification of a contract that was then out of its hands.
*167 In Fogarty v. United States, 340 U. S. 8, 13, the Supreme Court uses the following language:
In. the light of the foregoing considerations and the relation of the Lucas Act to the First War Powers Act, we think Congress intended the term “written request for relief” to mean written notice presented prior to August 14,1945, to an agency which was authorized to grant relief under § 201 of the First War Powers Act.
The request for relief in the instant case made no reference to the First War Powers Act. Besides the total lack of any express invocation of the First War Powers Act, the letter states that the contract had been completed on November 8, 1941, a date before either the beginning of the war or the enactment of the First War Powers Act. This fact deprives the agency of the very authority it was allegedly being asked to exercise. Hence the agency could not have been apprised of the fact that the petitioner claimed to be seeking relief under that act.
The court finds, therefore, that plaintiff had not made a request for relief sufficient to comply with the Lucas Act.
The petition is dismissed.
It is so ordered.
LaRamoRe, Judge; MaddeN, Judge; Whitaker, Judge; and Littleton, Judge, concur.